IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS L. HOLLAND, | : | Civil No. 3:24-cv-2201 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DEPUTY WARDEN WELLER, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Thomas Holland ("Holland"), an inmate confined at the Franklin County Jail, in Chambersburg, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court previously granted Holland leave to proceed *in forma pauperis*, performed its statutorily mandated screening of the original complaint, and dismissed the original complaint with leave to amend. (Docs. 7, 8). Holland then filed a proposed amended complaint. (Doc. 9). The amended complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the following reasons, the Court will dismiss Holland's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Holland proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  The Amended Complaint

The amended complaint names the following two Defendants: Deputy Warden Weller and Officer Marrow. (Doc. 9).

Holland asserts that the events giving rise to his claims occurred when he was a pretrial detainee at the Franklin County Jail from November of 2022 to January of 2023. (*Id.*

4

at p. 1). He alleges that on November 25, 2022, he informed a nurse that he had a swollen gland. (*Id.*). Holland alleges that the gland continued to swell, he had trouble swallowing, and his pills had to be crushed. (*Id.* at pp. 1-2). On December 27, 2022, a doctor treated Holland. (*Id.* at p. 2-3). Upon examination, the doctor transferred Holland to an outside hospital, and he underwent surgery. (*Id.*). Holland was discharged from the outside hospital on January 8, 2023, and returned to the Franklin County Jail. (*Id.* at p. 3). When Holland returned to the jail on January 8, 2023, he alleges that Officer Marrow read his medical records "in violation of [his] HEPPA [sic] rights." (*Id.* at pp. 3, 5).

Holland seeks monetary relief. (*Id.* at p. 6).

### III.  Discussion

#### A.  Claims against Deputy Warden Weller

The Court construes Holland's complaint as bringing claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted

prisoners or the Fourteenth Amendment applicable to pretrial detainees,[1] typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). To satisfy the objective component, inmates must demonstrate that they are "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Id.* In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837*); cf. Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

---

[1] Holland indicated in his amended complaint that he is a pretrial detainee. (Doc. 9, p. 1). To the extent that he was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[2] *See Farmer*, 511 U.S. at 835. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious,...if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

---

[2] The standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

7

Furthermore, as noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *Id.* at 1207.

In the amended complaint, Holland alleges that medical staff at the Franklin County Jail provided inadequate medical care for his swollen gland and pain. (Doc. 9). Holland asserts that he presented to the medical department on several occasions, but medical staff failed to properly treat his ailments.[3] (*Id.*).

---

[3] The Court notes that Holland is presently pursing a § 1983 action against Prime Care Medical, Inc., regarding the medical care at issue in this case. *See Holland v. Prime Care*, No. 3:24-cv-2057 (M.D. Pa.).

Holland has failed to state a claim against Deputy Warden Weller. By Holland's own averments, Deputy Warden Weller is not a medical provider and has not treated him. It is clear that Deputy Warden Weller is non-medical prison personnel in that he is not responsible for directly rendering medical care to Holland. *See, e.g., Thomas v. Dragovich*, 142 F. App'x 33, 39 (3d Cir. 2005) (noting that Health Care Administrators "are undisputably administrators, not doctors"). Because the Deputy Warden is not medical personnel, he cannot be considered deliberately indifferent "simply because [he] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1991). The Court will dismiss the inadequate medical care claim against Deputy Warden Weller.

Moreover, to the extent that Holland seeks to hold Deputy Warden Weller liable based on his supervisory role, this claim also fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Accordingly, insofar as Holland's claims against Deputy Warden Weller rely on a *respondeat superior* theory of liability, these claims are also subject to dismissal.

### B.     Claims against Officer Marrow

The Court also construes the amended complaint as alleging that Defendant Marrow violated his Fourteenth Amendment right to privacy in his medical information.[4] An individual has a constitutional right to privacy which protects "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). The Third Circuit held that prisoners have a constitutional right to privacy in medical information, but that the right is "subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." *Doe v. Delie*, 257 F.3d 309, 317, 323 (3d Cir. 2001). The Court explained that a prisoner's right to medical privacy is not as extensive as the right of a free citizen: "We do not suggest that Doe has a right to conceal [his] diagnosed medical condition from everyone in the corrections system. Doe's constitutional right is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." *Doe*, 257 F.3d at 317; *see also Caldwell v. Beard*, 324 F. App'x 186, 188 (3d Cir. 2009) (finding that "[d]isclosure of [Plaintiff's] medical records…to

---

[4] Holland describes this alleged misconduct as a violation of his "HEPPA [sic] rights", apparently referring to the Health Insurance Portability and Accountability Act ("HIPAA"). (Doc. 9, pp. 3, 5). Although the Court construes Holland to raise claims arising solely under § 1983 and does not construe Holland to allege a federal cause of action under HIPAA, it notes for Holland's benefit that "HIPAA does not provide a private cause of action." *Beckett v. Grant*, Civ. No. 19-3717, 2022 WL 485221, *3 (3d Cir. Feb. 17, 2022) (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020); *Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. 2019) ("HIPAA does not create a private right of action"); *Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017) (finding that plaintiff cannot proceed with her claims under HIPAA because "HIPAA does not create a private right of action for alleged disclosures of confidential medical information")). As such, to the extent Holland raised a claim under HIPAA, it would be subject to dismissal under § 1915(e)(2)(B).

10

the grievance officer responsible for responding to [Plaintiff's] claim was reasonably related to the legitimate penological interest of adjudicating the grievance and assessing the severity of [Plaintiff's] alleged injury").

Courts construing prisoner's medical privacy claims have framed the right narrowly and have applied it to situations involving "unusual medical condition[s] which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the condition is likely to spread through 'humor or gossip[.]'" *Smith v. Hayman*, No. 09-cv-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012) (citing *Powell v. Shriver*, 175 F.3d 107, 112 (2d Cir. 1999) (tying the availability of a § 1983 claim for invasion of medical privacy to conditions such as HIV and Gender Identity Disorder), *aff'd*, 489 F. App'x 544 (3d Cir. 2012)).

Here, Holland's medical condition involves a swollen gland and pain. Holland generally alleges that Defendant Marrow "opened [and] read [his] medical paperwork from the hospital" when he returned to the Franklin County Jail on January 8, 2023. (Doc. 9, pp. 3, 5). Holland does not allege that Defendant Marrow disclosed this information to anyone, or that any other inmates knew of his medical condition as a result of Defendant Marrow's alleged action.

Assuming that Defendant Marrow disclosed that Holland underwent a procedure at the hospital for a swollen gland, this allegation, standing alone, does not rise to the level of a constitutional violation. Even if the Court were to read the amended complaint to allege

11

that Defendant Marrow disclosed that Holland had a swollen gland, (which it does not allege), this condition is commonplace and does not constitute "an unusual medical condition which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence." Smith, 2012 WL 1079634, at *18. Although the allegations in the amended complaint suggest that Defendant Marrow may have acted unprofessionally, his conduct does not rise to the level of a constitutional violation actionable under § 1983. As such, the Court will dismiss the claims against Defendant Marrow premised on the violation of medical privacy.

## IV.   Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that granting Holland leave to file a second amended complaint would be futile as the actions of which he complains simply do not rise to the level of a constitutional violation.

## V.   Conclusion

Consistent with the foregoing, the Court will dismiss the amended complaint pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 27, 2025